IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAVON D. SMALL, #247-232       *
        Plaintiff,

                          *

   v.                CIVIL ACTION NO. RWT-06-1710
                          *

FRANK C. SIZER, JR., et al.,
        Defendants.       *

                      ******

## <u>MEMORANDUM</u>

Now pending is the Motion to Dismiss or in the Alternative Motion for Summary Judgment

filed by Defendants, former Commissioner Frank C. Sizer, Jr., Warden Jon P. Galley, Acting Chief

of Security Arnold R. Tichnell, Captain Bradley O. Butler, Lt. Russell T. Zang, Sgt. Robert J.

Manuel, Sgt. Calvin E. Jones, Jr., C.O. II Donald W. Cole, C.O. II Evan R. Orndorff, and C.O. II

David W. Booth.[1]  Paper No. 16.  Plaintiff has not filed a response.[2]   The matter has been fully

briefed, and no hearing is necessary.  <u>See</u> Local Rule 105.6 (D. Md. 2004).  For the following

reasons, and by separate Order, the court will grant Defendants' Motion.

## I    BACKGROUND

Plaintiff, an inmate currently confined at the Western Correctional Institution in

Cumberland, Maryland ("WCI"), states that in 2002 he married Tammy Small, a Caucasian from

Cumberland, Maryland, who is related to WCI Correctional Officer Zang.  Plaintiff states that

---

[1]Defendants Timothy Deal and James Shreve have not been served with the summons and complaint.  For the reasons that follow, it is clear that had they been properly served and responded they would be entitled to dismissal.  Accordingly, Plaintiff's case against them shall be dismissed.

[2]Pursuant to the dictates of <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975), on December 11, 2006,  Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  (Paper No. 16).  Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court.  (<u>Id.</u>).  Despite having been granted an extension of time to respond to the motion (Paper No. 19 and 20), Plaintiff has failed to do so.

since his marriage, he has been the target of harassment by correctional employees who disapprove of their interracial relationship and the fact  that a family member of a correctional officer married an inmate.  Paper No. 1. Specifically, Plaintiff states that correctional officers verbally threatened him, suspended his telephone privileges, denied him visitation with his wife, attempted to solicit other inmates to assault him, threatened to remove him from protective custody, tampered with his outgoing mail, and placed him on administrative segregation without reason.  Plaintiff states that his wife has received mail and anonymous telephone calls from other inmates at WCI and opines that correctional officers must have given these inmates his wife's contact information.  He claims that whenever Officer Cole is on duty he is not provided a shower or recreation.  He also states that his ARPs are not answered.  Id.

The undisputed record demonstrates that on June 2, 2006,  Plaintiff was placed on administrative segregation pending an investigation of a drug smuggling operation involving protective custody inmates at the WCI and that Chief of Security Tichnell  requested that Plaintiff's wife be banned from the institution due to her alleged involvement in the drug smuggling ring. Paper No. 16, Ex. 1 and  2.  On June 9, 2006, it was recommended that Plaintiff be placed on protective custody status because he was assisting authorities with the investigation. Id., Ex. 4. Plaintiff's protective custody/administrative segregation status was reviewed and it was recommended that his status remain unchanged throughout June and July of 2006. Id., Ex. 4-5.

On June 28, 2006, Plaintiff was served with a rule infraction for participating in several telephone calls wherein he conspired to possess and distribute heroin. Id., Ex. 6.  Plaintiff pled

guilty to violating Rule 112,[3] which triggered a mandatory loss of visits for 180 days.  Plaintiff also

received 60 days of disciplinary segregation and revocation of 60 days of good conduct credits. Id.

Plaintiff appealed the adjudication. The hearing officer's decision was affirmed by the Warden.  Id.

Due to Plaintiff's rule infraction, a case management team recommended on July 19 and

26, 2006, that he remain on administrative segregation, protective custody and disciplinary

segregation. Id., Ex. 7.   Captain Butler recommended that Plaintiff be removed from

administrative segregation status on August 1, 2006. Id., Ex. 10.  Weekly administrative

segregation meetings were postponed due to an institutional  lockdown on August 2 and 3, 2006.

Id., Ex. 11.  Plaintiff received a security reclassification review on August 4, 2006, at which time it

was recommended that he be reassigned from minimum security to medium security, be removed

from administrative segregation,  and continue on protective custody and disciplinary segregation

status. Id., Ex. 12.

On August 20, 2004, Lt. Zang was assigned as the Housing Unit Manger for Housing Unit

#4, Plaintiff's housing unit at that time.  Id. Ex. 13.  Plaintiff wrote to Zang on that date advising

Zang that he was good friends with Zang's wife's step-brother, William Davis, II. Id., Ex. 14.

After receiving the letter, Zang interviewed Plaintiff.  Plaintiff claimed that he was related to

Zang's wife through marriage,  advised Zang that Davis was on his visitor's list, and stated that

Davis's wife was good friends with Plaintiff's wife.  Plaintiff asked Zang "how [they] were going

to run [their] unit."  Id., Ex. 13.  Zang advised Plaintiff that he would let his supervisors know of

their relationship and that he would ask that Plaintiff be transferred. Id. While he was making

---

[3]Rule 112 provides that "Inmates are prohibited from the use, consumption, or possession
of a controlled dangerous substance (as defined in Article 27, Section 277, ACM), drug, or
counterfeit drug or controlled dangerous substance."

rounds in the tiers that day, Zang was approached by several inmates who told him that Plaintiff said he and Zang were related. Id.  That afternoon, Zang was contacted by Plaintiff's wife who inquired as to Plaintiff's status and indicated that Plaintiff believed he was going to be transferred. Id., Ex. 14. Zang advised Plaintiff's wife that his relationship to Plaintiff was being reported to his supervisors and he did not know what action would be taken by them. Id. Because Plaintiff was assigned to Protective Custody and therefore could not be moved to another housing unit, the administration re-assigned Zang instead. Id., Ex. 13.

## II       STANDARD OF REVIEW

The court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial).  Nevertheless, in determining whether there is a genuine issue of material fact, the court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party.  See Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

## III      ANALYSIS

### A.      Retaliation

Generally, claims of  retaliation are to be treated with skepticism.  Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996)("[i]n the prison context, we treat such claims with skepticism because every act of discipline by prison officials is by definition 'retaliatory' in the sense that it

4

responds directly to prisoner misconduct)(quotations omitted).   To sustain a claim based on retaliation, a plaintiff "must allege *either* that the retaliatory act was taken in response to the exercise of a constitutionally protected right *or* that the act itself violated such a right." <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994) (emphasis supplied).

Plaintiff's claim that he was improperly moved to administrative and/or disciplinary segregation as a retaliatory act fails. The Constitution does not entitle a prisoner to be held in any particular prison, or kept in a particular housing unit. <u>See</u> <u>Montayne v. Haynes</u>, 427 U. S. 236, 24\23 (1976); <u>see</u> <u>generally</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976). In order to show the deprivation of a liberty interest regarding a transfer,  Plaintiff must show the transfer created an "atypical and significant hardship...in relation to the ordinary incidents of prison life" and that Maryland has granted its prisoners a protected liberty interest in remaining free from such hardship. <u>Sandin v. Conner</u>, 515 U.S.472, 484 (1995). Plaintiff did not have a liberty interest in remaining in general population. Furthermore, his assignment to protective custody was not "atypical" or a "significant hardship" as transfers within a facility cannot be described as either atypical or a hardship.  <u>Id</u>. at 484, 486; <u>see</u> <u>also</u>  <u>Paoli v. Lally</u>, 812 F.2d 1489, 1493 (4th Cir. 1987) (holding no liberty interest created in Maryland regulations regarding transfer between prisons.)

Likewise,  Plaintiff does not have a constitutional right to participate in grievance procedures. <u>See</u>  <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, taking into consideration the non-exclusive, optional nature of the ARP procedure as well as the ARP appeals process readily available to aggrieved inmates, the undersigned concludes that even if Defendants did not satisfactorily investigate or respond to Plaintiff's remedy requests, no

underlying federal claim has been stated.

To the extent Plaintiff claims that his housing assignment, visitation, and telephone privileges were curtailed in an effort to retaliate against him,  his claim fails.  Plaintiff must show that retaliation was the actual motivating factor in such curtailment.  See Huang v. Board of Governors, 902 F.2d 1134, 1140 (4th Cir. 1990).  Records show Plaintiff was placed on segregation and his visitation with his wife and his use of the telephone were curtailed due to his alleged involvement in a conspiracy to import drugs into WCI.  Plaintiff has produced no evidence that Defendants' actions were in retaliation for his having married a woman of a different race and/or because his wife was related to a correctional employee. His claims are no more than bald allegations that the conduct was retaliatory in nature.  Such allegations are insufficient to prove retaliation.

Plaintiff, the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence on which a fact-finder could  reasonably find in his favor. Plaintiff has failed to submit any evidence to support his claim, or to put the material fact of this claim--- retaliation--in dispute.  See Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991). Although the non-moving party may rely upon a verified complaint when allegations therein are based on personal knowledge, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991), Plaintiff's complaint is not verified.

**B.  Verbal Threats**

Plaintiff's claim that correctional officers verbally threatened him, without more, does not state a claim of assault actionable under the Civil Rights Act.  Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).  As such, the claim is subject to dismissal.

**C. Conspiracy**

A conclusory allegation of a conspiracy also fails to state a claim. <u>Boddie v. Schnieder</u>, 105 F.3d 857, 862 (2nd Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); <u>Manis v. Sterling</u>, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted); <u>see</u> <u>also</u> <u>Langworthy v. Dean</u>, 37 F. Supp.2d 417, 424-25 (D. Md. 1999).

**IV      CONCLUSION**

For the reasons stated, and by separate order, the court will grant Defendants' Motion for Summary Judgment.


<u>August 3, 2007</u>                                    _____/s/_____
Date                                                                 Roger W. Titus
                                                                     United States District Judge

7